UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAFAEL J. PETITPHAIT,**

       **Plaintiff,**

v.                                        Case No:  6:24-cv-2282-CEM-DCI

**ORLANDO REGIONAL
MEDICAL CENTER,**

       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff's response to the Court's Order to Show Cause.  Doc. 9.  The undersigned respectfully recommends that this action be dismissed for lack of subject matter jurisdiction rendering moot Plaintiff's pending motion to proceed *in forma pauperis*.  Doc. 2.

**I.   Background**

On December 26, 2024, Plaintiff, proceeding *pro se*, filed a Complaint against Defendant seeking $325,000 in damages "[d]ue to the Defendant's action of negligence plus malpractice." Doc. 1 at 3.  Plaintiff subsequently filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a motion to proceed *in forma pauperis*. Doc. 2 (the Motion).

Upon review of the Motion, the undersigned found that Plaintiff had not sufficiently alleged the parties' citizenship and ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Doc. 8 at 3.  Plaintiff filed a timely response and

conceded that he filed this case in federal court because he "thought any amount over $75,000 was a federal matter." Doc. 9 at 1. In his response, Plaintiff represented that he is a citizen of the Bahamas and that he has maintained lawful permanent resident status in the United States since February 1997. *Id*. Plaintiff stated that he has resided in Florida since September 2019. *Id*. Plaintiff further represented that Defendant is a hospital located in Orlando, Florida, and Defendant's parent company, Orlando Health, lists a Florida corporate address.

Considering the facts in Plaintiff's response to the Order to Show Cause, the undersigned finds that Plaintiff has not established that the Court has subject matter jurisdiction over this case. Accordingly, the undersigned does not reach the substance of the Motion and recommends dismissal of the case.

**II.     Standard of Review**

The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. *Hernandez v. United States AG*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam). Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (i.e., federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

When a party invokes the court's diversity jurisdiction, the party wishing to assert diversity jurisdiction bears the burden of establishing that diversity of citizenship exists. *Jones v. Law Firm of Hill & Ponton*, F. Supp. 2d 1349, 1354 (M.D. Fla. 2001). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he is domiciled,

which is the state where the individual maintains his "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Courts do not have jurisdiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" 28 U.S.C. § 1332(a)(2)

As to the amount in controversy requirement, courts generally accept that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

### III. Analysis

As discussed in the Order to Show Cause, Plaintiff has not established that this case meets the diversity requirement of 28 U.S.C. § 1332. *See* Docs. 8.

First, Plaintiff's allegations regarding Defendant's citizenship are insufficient to invoke the Court's jurisdiction. In the Order to Show Cause, the undersigned explained that "Plaintiff has not provided information regarding Defendant's principal place of business or state of incorporation. Thus, the allegations are insufficient to establish diversity of citizenship." Doc. 8 at 3; *see also Bright House Networks, LLC v. Pinellas County*, 2014 WL 4794786, at *4 (M.D. Fla. 2014) ("To sufficiently allege the citizenship of a corporation, the state of incorporation *as well as* the location of the principal place of business must be stated.'"). While Plaintiff has now provided more information than he included in the Complaint, the Court is still missing information regarding

Defendant's state of incorporation or principal place of business.[1] In his response, Plaintiff reiterated that "Defendant is a hospital located in Orlando, Florida with the parent company listed as Orlando Health. Corporate address for Orlando Health is: 1414 Kuhl Ave – Orlando, FL 32806." Doc. 9 at 1. Thus, on its face, the Complaint does not establish diversity jurisdiction to satisfy 28 U.S.C. § 1332 and is subject to dismissal. *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming dismissal for lack of subject matter jurisdiction where the plaintiff did not plead facts sufficient to establish diversity of citizenship); *Burns v. Essex Partners, Inc.*, 2019 WL 1093440, at *2 (M.D. Fla. Jan. 16, 2019) (dismissing complaint without prejudice for lack of subject matter jurisdiction where plaintiff failed to sufficiently allege the citizenship for each party).

As to Plaintiff's citizenship, § 1332(a)(2) would prohibit treating Plaintiff—a permanent resident of the United States—as a foreign domiciliary in assessing whether diversity exists. The plain language of § 1332 provides guidance for district courts determining the diversity of parties where at least one party is a foreign national. Section 1332(a)(2) provides that:

> (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> . . .
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

---

[1] The undersigned notes that Plaintiff has not brought any claims against Defendant's parent company, Orlando Health. Plaintiff only needs to establish the citizenship of Orlando Regional Medical Center, the Defendant in this case.

28 U.S.C. § 1332(a)(2) (emphasis added). In short, diversity of citizenship does not exist where a foreign citizen is: 1) a legal permanent resident of the United States; and 2) domiciled in the same state as the opposing party. *See Alexion v. Fed. Ins. Co.*, 2019 WL 5294937, at *7 (M.D. Fla. Mar. 7, 2019). Here, Plaintiff is a Bahamian citizen but is also a permanent resident of the United States residing in Florida since 2019. Even if Plaintiff had properly alleged that Defendant is a citizen of Florida, § 1332(a)(2) would prohibit treating Plaintiff as diverse from an ostensibly Florida-based corporate Defendant.

So, Plaintiff has failed to adequately allege Defendant's citizenship, but even if she had, she has failed to allege that her citizenship is diverse from that of Defendant. Thus, the case should be dismissed because Plaintiff has not adequately established the Court's diversity jurisdiction. *See Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'") (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. the case be **DISMISSED** for lack of subject matter jurisdiction; and
2. the Clerk be directed to close the case and terminate all pending motions, including the Motion to Proceed *in forma pauperis* (Doc. 2).

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 25, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties